## Ballard *versus* Fitch.

When a party, instead of demurring to a defective declaration, pleads to issue, and takes his chance of a trial of the merits, the inclination of the court is to sustain the verdict against technical objections.

ERROR to the Court of Common Pleas of *Bradford County*. Assumpsit.

The declaration. in this case was as follows:—

"Orrin P. Ballard, the defendant in this cause, was summoned to answer Sarah L. Fitch, the plaintiff in this cause, of a plea of trespass on the case upon promises, and thereupon the said plaintiff, by E. W. Baird, her attorney, complains for that whereas, heretofore, to wit, on the twentieth day of October, in the year of our Lord one thousand eight hundred and forty-eight, at Troy, in the county aforesaid, the said plaintiff was in the possession and occupancy of a certain dwelling-house, with the appurtenances, situated in the village of Troy, Bradford County, Pa., which said dwelling-house had been in the possession and occupancy of one Curtis T. Fitch, the husband of plaintiff, who was dead, he having occupied said house and premises up to the time of his death; and whereas, the said defendant was desirous of obtaining and having possession of said house and premises, and in consideration thereof did, on the day and year aforesaid, at Troy, in the county aforesaid, enter into an agreement with the said plaintiff, by which agreement said defendant faithfully promised said plaintiff that in case she, the said plaintiff, would move out of said house and deliver possession thereof to him, the said defendant, that he, the said defendant, would pay to the said plaintiff the sum of three dollars per week, from the aforesaid date, until the business of the estate of said Curtis J. Fitch (husband of said plaintiff, then deceased) should be fully settled and ended—or that he would pay said plaintiff so much per week as it would cost to board herself and children from the said date aforesaid until the business of the estate of said Curtis T. Fitch should be fully settled and ended. And the said plaintiff avers that she did remove out of said house, and deliver said house and premises to said defendant, and that the use of the same was worth three dollars per week, and more. And plaintiff also avers that it was reasonably worth, and would cost, three dollars a week, and more, to board said plaintiff and her children. And said plaintiff further avers that the business of the estate of Curtis T. Fitch, late husband of said plaintiff, was not closed, finished, or ended until the first day of February, in the year of our Lord one thousand eight hundred and fifty-five."

[Ballard *v.* Fitch.]

To which was added the common counts, and breaches assigned. No evidence was given to sustain the common counts. Verdict for plaintiff, and motion in arrest of judgment for the following reasons:—

"1. That the declaration does not set forth a cause of action. It does not set forth any agreement on the part of the plaintiff as a consideration for defendant's agreement, nor does it set forth when the plaintiff complied with the proposal of the defendant to leave the house.

"2. It does not appear by the declaration whether the parties entered into any contract by which the defendant was to pay three dollars per week until the business of the estate of Curtis T. Fitch was settled, or to pay such sum as it would be worth to board the plaintiff and her children during the same time."

The court overruled the motion, and this is the error assigned.

*Mercur* and *Elwell,* for plaintiff in error, referred to *Whitehall* v. *Morse,* 6 S. & R. 361; *Yost* v. *Eby,* 28th State R. 331; *Hartman* v. *Keystone Ins. Co.,* 21st Pa. St. R. 475.

*Parsons, Baird,* and *Adams,* for defendant in error, cited *McKee* v. *Bartley,* 9 Barr, 189; *Ins. Co.* v. *Seitz,* 4 W. & S. 273; *Carson* v. *Hunt et al.;* 2 H. 513; *Leckey* v. *Bloser,* 12 H. 404.

The opinion of the court was delivered May 6th, 1859, by

WOODWARD, J.—When a party, instead of demurring to a defective declaration, pleads to issue, and takes his chance of a trial on the merits, the inclination of the court, in modern times, is very strong to sustain the verdict against mere technical objections. 4 W. & S. 473; 9 Barr, 189; 2 H. 513; 12 H. 404.

After verdict the court was asked to arrest the judgment on the ground that no consideration was laid in the narr. for the defendant's promise. They refused, very properly, to do so. The defendant's promise was laid to be in consideration that she, the plaintiff, would move out of a certain house and give possession thereof to the defendant—"and the said plaintiff avers that she did remove out of said house and deliver said house and premises to said defendant, and that the use of the same were worth three dollars per week, and more."

But, says the plaintiff in error, the narr. does not aver that she agreed to move out, nor that she gave up the possession *after* Ballard made the promise, nor in consideration thereof.

This is too sharp after verdict. Doubtless the consideration suggested was proved or we should have heard from other parts of the record, and, though it might have been more precisely laid, nothing but a demurrer could make the lack of precision fatal.

The judgment is affirmed.